

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-22-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:23CR62( )( ) (RNC)(RMS) |
| v. | VIOLATIONS: |
| WILLIS TAYLOR,<br>AQUARIUS GUMBS, a.k.a. "Q," "Ice,"<br>and "Diamond,"<br>SEAN PEPE,<br>GORDON LAURIA,<br>PAUL PAOLELLA,<br>PETER ABLONDI TAYLOR,<br>MARK APOTRIAS,<br>THOMAS JOSLIN,<br>DAVID KING,<br>RICHARD GREATSINGER,<br>CHRISTOPHER CAHILL,<br>MARKOS PAPPAS, a.k.a. "Speedy,"<br>LISA FAUSEL, and<br>JULIO ECHEVARRIA, a.k.a. "Warrior" | 21 U.S.C. § 846<br>(Conspiracy to Possess with Intent to<br>Distribute and to Distribute Controlled<br>Substances)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),<br>841(b)(1)(B), 841(b)(1)(C), and 841(b)(1)(D)<br>(Possession with Intent to Distribute and<br>Distribution of Controlled Substances)<br><br>18 U.S.C. § 924(c)(1)(A)(i)<br>(Possession of a Firearm in Furtherance of a<br>Drug Trafficking Crime)<br><br>18 U.S.C. §§ 922(g)(1) and 924(a)(8)<br>(Felon in Possession of a Firearm) |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

1. From approximately January 2022 through November 2022, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants WILLIS TAYLOR, AQUARIUS GUMBS, a.k.a. "Q," "Ice," and "Diamond," SEAN PEPE, GORDON LAURIA, PAUL PAOLELLA, PETER ABLONDI TAYLOR, MARK APOTRIAS, THOMAS JOSLIN, DAVID KING, RICHARD GREATSINGER, CHRISTOPHER CAHILL, and MARKOS PAPPAS, a.k.a. "Speedy," together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants WILLIS TAYLOR, AQUARIUS GUMBS, SEAN PEPE, GORDON LAURIA, PAUL PAOLELLA, PETER ABLONDI TAYLOR, MARK APOTRIAS, THOMAS JOSLIN, DAVID KING, RICHARD GREATSINGER, CHRISTOPHER CAHILL, and MARKOS PAPPAS, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), methamphetamine, and cocaine, its salts, optical or geometric isomers, or salts of isomers, all Schedule II controlled substances, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Quantity of Controlled Substances Involved in the Conspiracy

3. The defendants WILLIS TAYLOR and PAUL PAOLELLA knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 100 grams or more of a mixture and substance containing a detectable amount of heroin, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), 841(b)(1)(B)(i), and 841(b)(1)(B)(ii).

4. The defendant SEAN PEPE knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of cocaine, its

salts, optical or geometric isomers, or salts of isomers, in violation of Title 21, United States Code, Sections 841(b)(1)(B)(vi), 841(b)(1)(B)(viii), and 841(b)(1)(C).

5. The defendants AQUARIUS GUMBS, GORDON LAURIA, PETER ABLONDI TAYLOR, MARK APOTRIAS, THOMAS JOSLIN, DAVID KING, RICHARD GREATSINGER, CHRISTOPHER CAHILL, and MARKOS PAPPAS knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of fentanyl, a mixture and substance containing a detectable amount of methamphetamine, and a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

6. From approximately January 2023 through March 28, 2023, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants MARKOS PAPPAS, a.k.a. "Speedy," LISA FAUSEL, and JULIO ECHEVARRIA, a.k.a. "Warrior," together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

7. It was a part and an object of the conspiracy that defendants MARKOS PAPPAS, LISA FAUSEL, and JULIO ECHEVARRIA, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl") and cocaine, its salts, optical or geometric isomers, or salts of isomers, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

Quantity of Controlled Substances Involved in the Conspiracy

8. The defendants MARKOS PAPPAS and LISA FAUSEL knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count Two that the conspiracy involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, in violation of Title 21, United States Code, Sections 841(b)(1)(B)(vi) and 841(b)(1)(B)(ii).

9. The defendant JULIO ECHEVARRIA knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count Two that the conspiracy involved a mixture and substance containing a detectable amount of fentanyl and a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE
(Possession with Intent to Distribute and Distribution of Cocaine)

10. On or about January 6, 2022, in the District of Connecticut, the defendant SEAN PEPE did knowingly possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR
(Possession with Intent to Distribute and Distribution of Methamphetamine)

11. On or about July 5, 2022, in the District of Connecticut, the defendants WILLIS TAYLOR and SEAN PEPE did knowingly possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT FIVE
(Possession with Intent to Distribute and Distribution of Cocaine)

12. On or about October 15, 2022, in the District of Connecticut, the defendants AQUARIUS GUMBS, a.k.a. "Q," "Ice," and "Diamond," and RICHARD GREATSINGER did knowingly possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX
(Possession with Intent to Distribute Controlled Substances)

13. On or about October 20, 2022, in the District of Connecticut, the defendants WILLIS TAYLOR and PAUL PAOLELLA did knowingly possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and 500 grams or more of a mixture

and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(A)(viii), 841(b)(1)(B)(i), and 841(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT SEVEN
(Possession with Intent to Distribute Controlled Substances)

14. On or about November 18, 2022, in the District of Connecticut, the defendant WILLIS TAYLOR did knowingly possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii).

## COUNT EIGHT
(Possession with Intent to Distribute Marijuana)

15. On or about November 18, 2022, in the District of Connecticut, the defendant AQUARIUS GUMBS, a.k.a. "Q," "Ice," and "Diamond," did knowingly possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT NINE
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

16. On or about November 18, 2022, in the District of Connecticut, the defendant AQUARIUS GUMBS, a.k.a., "Q," "Ice," and "Diamond," did knowingly possess a firearm, that

is, an AMT .380 caliber semi-automatic pistol, bearing serial number A70130 and a Glock, Model 27 .40 caliber semi-automatic pistol, bearing serial number NCN546, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), as charged in Count Eight of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT TEN
(Felon in Possession of a Firearm)

17. On or about November 18, 2022, in the District of Connecticut, the defendant AQUARIUS GUMBS, a.k.a. "Q," "Ice," and "Diamond," having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, specifically:

   a. Sale of Illegal Drugs, in violation of Conn. Gen. Stat. § 21a-278(b), on or about April 13, 2011;

   b. Sale of Hallucinogenic/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on or about May 21, 1998;

   c. Possession of Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on or about May 30, 1996;

   d. Sale of Hallucinogenic/Narcotics, in violation of Conn. Gen. Stat. § 21a-277(a), on or about April 7, 1995,

did knowingly possess a firearm in and affecting commerce, namely, an AMT .380 caliber semi-automatic pistol, bearing serial number A70130 and a Glock, Model 27 .40 caliber semi-automatic pistol, bearing serial number NCN546, each of which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT ELEVEN
(Possession with Intent to Distribute Controlled Substances)

18. On or about November 18, 2022, in the District of Connecticut, the defendant SEAN PEPE did knowingly possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TWELVE
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

19. On or about November 18, 2022, in the District of Connecticut, the defendant SEAN PEPE did knowingly possess a firearm, that is, a loaded Colt .38 special revolver, bearing serial number 83027M, a loaded L.W. Seecamp .32 ACP semi-automatic pistol, with an obliterated, altered, and removed serial number, and a loaded 9x18mm Makarov PA-63 semi-automatic pistol, bearing serial number AT4653, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), as charged in Count Eleven of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT THIRTEEN
(Felon in Possession of a Firearm)

20. On or about November 18, 2022, in the District of Connecticut, the defendant SEAN PEPE having been, and knowing that he had been, previously convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, that is, Illegal Possession of a Weapon in a Motor Vehicle, in violation of Conn. Gen. Stat. § 29-38, on or about September 22, 2021, did knowingly possess a firearm in and affecting

commerce, that is, a 9x18mm Makarov PA-63 semi-automatic pistol, bearing serial number AT4653, which had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT FOURTEEN
(Possession with Intent to Distribute Controlled Substances)

21. On or about February 2, 2023, in the District of Connecticut, the defendant LISA FAUSEL did knowingly possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl") and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, its salts, optical or geometric isomers, or salts of isomers, both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(ii).

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

22. Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Eight, Eleven, and Fourteen of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

   a. Approximately $8,951 in U.S. currency seized from WILLIS TAYLOR on or about October 20, 2022;

b. Approximately $3,765 in U.S. currency seized from WILLIS TAYLOR on or about November 18, 2022;

c. Approximately $13,250 in U.S. currency seized from AQUARIUS GUMBS on or about November 18, 2022;

d. Approximately $86,138 in U.S. currency seized from SEAN PEPE on or about November 18, 2022;

e. Gold jewelry and a gold Rolex watch seized from SEAN PEPE on or about November 18, 2022; and

f. Approximately $94,500 in U.S. currency seized from LISA FAUSEL on or about February 2, 2023.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

### FORFEITURE ALLEGATION
(Firearms Offenses)

24. Upon conviction of one or more of the firearms offenses alleged in Counts Nine, Ten, Twelve, and Thirteen of this Indictment, the defendants AQUARIUS GUMBS and SEAN PEPE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the

commission of the offense, including but not limited to the following: an AMT .380 caliber semi-automatic pistol, bearing serial number A70130, a Glock, Model 27 .40 caliber semi-automatic pistol, bearing serial number NCN546, a Colt .38 special revolver, bearing serial number 83027M, a L.W. Seecamp .32 ACP semi-automatic pistol, with an obliterated, altered, and removed serial number, and a 9x18mm Makarov PA-63 semi-automatic pistol, bearing serial number AT4653.

All in accordance with Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

UNITED STATES OF AMERICA

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY

TARA E. LEVENS
ASSISTANT UNITED STATES ATTORNEY