UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States<br><br>                Plaintiff,<br><br>v.<br><br>Willis Taylor, et al,<br><br>                Defendants. | Criminal No. 3:23-cr-00062-OAW-2<br><br><br><br>December 27, 2024 |

**ORDER RE: MOTION TO REMOVE STANDBY COUNSEL**

Defendant Aquarius Gumbs, representing himself, asks the Court to remove Attorney Richard S. Cramer as his standby counsel. ECF Nos. 1100, 1162. For the reasons that follow, the Motion to Remove Standby Counsel is **DENIED**.

**I.  Background**

On March 28, 2023, Defendant Gumbs was arrested pursuant to a criminal complaint for alleged violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (possession with intent to distribute and distribution of a quantity of fentanyl, methamphetamine, and cocaine, and conspiracy to possess with the intent to distribute controlled substances); 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking crime); and 18 U.S.C. §§ 922(g) and 924(a)(8) (felon in possession of a firearm). ECF No. 1, at 1. He was indicted on April 4, 2023, and charged in Counts One (conspiracy to possess with intent to distribute and to distribute controlled substances), Five (possession with intent to distribute and distribution of cocaine), Eight (possession with intent to distribute marijuana), Nine (possession of a firearm in furtherance of a drug trafficking crime), and Ten (felon in possession of a firearm). ECF No. 21.

1

In connection with these charges, and at his request, the Court appointed three different attorneys to represent Defendant Gumbs before he ultimately decided to represent himself. On July 5, 2023, following a hearing, I granted the first attorney's Motion to Withdraw based on representations that "the relationship between counsel and [Defendant had] broken down irretrievably." ECF No. 163, 178. On February 16, 2024, following a hearing, I granted the second attorney's Motion to Withdraw after Defendant claimed of becoming "dissatisfied" with his defense, and another "irretrievable breakdown." ECF Nos. 397, 422. On February 22, 2024, I appointed Attorney Cramer as his counsel.

On June 6, 2024, Defendant Gumbs filed a Motion to Represent Himself. ECF No. 561. I held a *Faretta* hearing on June 27, 2024. ECF No. 606. At the hearing, I advised Defendant once more of his right to counsel through all stages of this case. I explained the benefits of having a lawyer and the risks of proceeding without one. I canvassed Defendant on his mental state, his health, his education, his understanding of the law, his understanding of the charges, and the nature of the proceedings, including the eventual trial. And I inquired about his reasons for wanting to waive his right to an attorney and whether he still wanted to proceed *pro se*, among other things. Based on his answers and my assessment of Defendant Gumbs, I concluded that he was competent and rational, that he had the mental capacity to comprehend the consequences of relinquishing his constitutional rights, and that he was knowingly and intelligently waiving his right to counsel in this case. At the conclusion of the hearing, I granted Defendant's Motion to Represent Himself and appointed Attorney Cramer as his standby counsel. ECF No. 606. He did not object to Attorney Cramer assuming the role of standby counsel.

On December 5, 2024, Defendant Gumbs filed a Motion to Remove Standby Counsel detailing the manner in which he was dissatisfied with Attorney Cramer as standby counsel. ECF

No. 1100. He complains of Attorney Cramer's lack of "work ethic" and believes that he "can no longer trust" Attorney Cramer, among other things. *Id*. I held a hearing on December 17, 2024. ECF No. 1139. At the hearing, I asked Defendant if he was seeking appointment of counsel. He maintained his intent to proceed *pro se* and reiterated his request for different standby counsel. At the conclusion of the hearing, I gave the parties until December 19, 2024, to file any additional briefing for the Court to consider in connection with the pending Motion.[1] Jury selection is scheduled to begin on January 16, 2025, with trial to begin on January 21, 2025. ECF No. 1105.

## II.     Standard of Law

"A defendant may waive his constitutional right to counsel and choose to represent himself during criminal proceedings, if such a waiver is effected willingly and intelligently." *U.S. v. VanHoesen*, 636 F. Supp. 2d 155, 158 (N.D.N.Y. 2009) (citing *Faretta v. California*, 422 U.S. 806, 835-836 (1975)). In that scenario, he "must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in *voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial." *U.S. v. Dettelis*, No. 03CR62A, 2005 WL 8157495, at *1 (W.D.N.Y. June 30, 2005) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984)). The Court may, in its discretion, appoint standby counsel "even over the objection of [the] defendant" to assist him with his own defense, "if and when [he] requests help." *Id*. (citing *Faretta v. California*, 442 U.S. at 834, n.46). However, such assistance is necessarily "limited" to "preserve the defendant's actual control over the case" and "the perception that the defendant is representing himself." *Id*. (citing *McKaskle v. Wiggins*, 465 U.S. at 178-179); *see also U.S. v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) *cert. denied,* 522 U.S. 846, (1997) ("a

---

[1] Defendant Gumbs filed a brief on December 23, 2024, past the deadline for such submissions. ECF No. 1162. His request for leave to file the brief past the deadline was untimely filed as well. ECF No. 1165. Notwithstanding the late filings, I have read and considered the brief.

standby counsel's duties are considerably more limited than the obligations of retained or appointed counsel"). Even when a self-represented defendant asks standby counsel to perform significant tasks, such as examining a witness or delivering the closing argument, the defendant remains responsible for "preparing the strategy" for such tasks. *U.S. v. Schmidt*, 105 F.3d at 86, 90; *see also Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008) ("standby counsel is not allowed to *make . . . any significant tactical decisions, or control* the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance") (emphasis added) (citing *McKaskle v. Wiggins*, 465 U.S. at 178-179).

The U.S. Court of Appeals for the Second Circuit has determined that "there is no constitutional right" to standby counsel during a criminal proceeding. *U.S. v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) (citing *U.S. v. Schmidt*, 105 F.3d at 90). Accordingly, "a [self-represented] defendant is not entitled to relief for the ineffectiveness of standby counsel [in the Second Circuit] unless that title was held in name only and, in fact, standby counsel acted as the defendant's lawyer throughout the proceedings." *U.S. v. VanHoesen*, 636 F. Supp. 2d at 158 (citing *U.S. v. Morrison*, 153 F.3d at 55) (internal quotations omitted).[2]

### III.   Discussion

Defendant Gumbs chose to proceed without counsel; yet he now claims dissatisfaction with the perceived lack of enthusiasm and effectiveness with which standby counsel is responding to his requests for help. ECF No. 1100, at 1-3. At the most recent hearing, Defendant made it known that he believed Attorney Cramer should visit him in person to review certain discovery, rather than convey the relevant information over telephone. Defendant also complained about the pace

---

[2] Defendant has not alleged that Attorney Cramer is standby counsel "in name only." Throughout the pending Motion, and during the hearing on December 17, 2024, he has represented that he is representing himself. *See* ECF Nos. 1100, 1139.

4

at which Attorney Cramer conveys information and discovery he receives from the Government. In particular, he accuses Attorney Cramer of "withholding evidence" from him by not immediately alerting him of new filings. *Id*. at 2. Ultimately, he believes that Attorney Cramer "must feel that it is not [standby counsel's] duty to have [his] best interest." *Id*. at 3.

Indeed, it is not his duty. *See U.S. v. Schmidt*, 105 F.3d at 86, 90; *Clark v. Perez*, 510 F.3d at 395. As I informed him before granting his Motion to Represent Himself, Defendant has a constitutional and statutory right to the effective assistance of counsel. ECF No. 606. However, as I reiterated at the most recent hearing, Defendant does not have a right to the effective assistance of *standby* counsel. *U.S. v. Morrison*, 153 F.3d at 55 (citing *U.S. v. Schmidt*, 105 F.3d at 90). As a self-represented defendant, it is his duty, not Attorney Cramer's, to pursue his own best interest in connection with this case and "control the organization and content" of his defense—including by monitoring the docket for new filings and affirmatively requesting copies of such filings from Attorney Cramer, as necessary. *U.S. v. Dettelis*, 2005 WL 8157495, at *1 (quoting *McKaskle v. Wiggins*, 465 U.S. at 174).

Attorney Cramer is not requesting the Court's permission to withdraw as Defendant's standby counsel and remains capable of serving in that "limited" role. *U.S. v. Dettelis*, 2005 WL 8157495, at *1; *U.S. v. Schmidt*, 105 F.3d at 90. Accordingly, Attorney Cramer is available to assist Defendant Gumbs with his defense, "if and when [he] requests help," as he continues to prepare for trial. *U.S. v. Dettelis*, 2005 WL 8157495, at *1.

### IV.     Conclusion

For these reasons, the Motion to Remove Standby Counsel is **DENIED**. Attorney Cramer is **ORDERED** to continue serving as standby counsel for Defendant Gumbs. Should he decide

that he is interested in being represented by counsel, rather than representing himself, Defendant Gumbs may file a motion so requesting.

This is not a recommended ruling.  This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review under 28 U.S.C. § 636(b)(1)(A) and Rule 72.2 of the Local Rules for U.S. Magistrate Judges for the District of Connecticut.  As such, it is an Order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED.

/s/ Maria Garcia, USMJ  
Hon. Maria E. Garcia  
United States Magistrate Judge