UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>AQUARIUS GUMBS )<br>)<br>)<br>)<br>) | CASE NO. 3:23-CR-00062 (OAW) |

**ORDER DISPOSING OF FRE 404(b) MOTION IN LIMINE (ECF No. 951)**

The government moves in limine to admit certain "other bad act" evidence pursuant to Federal Rule of Evidence 404 against Defendant Aquarius Gumbs. For the reasons detailed herein, the motion is **DENIED.**

I.  **BACKGROUND**

Defendant Aquarius Gumbs was indicted by a Grand Jury on five criminal counts: (1) Conspiracy to Possess with the Intent to Distribute, and the Distribution of, Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (2) Distribution and Possession with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) Possession with the Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (4) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) Felon in Possession of a Firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(8); as listed at Counts One, Five, Eight, Nine, and Ten of the Indictment. *See* ECF No. 21.

The government seeks to admit prior bad act evidence in its case-in-chief. Specifically, it seeks to admit five videos, eight photographs, and a series of web searches

1

performed by Mr. Gumbs. The items were discovered on Mr. Gumbs's phone. The videos are noteworthy in that they portray someone who sounds like Mr. Gumbs scraping what appears to be a block of cocaine. In one video, that individual narrates how one can tell whether cocaine is real or fake.[1]

The government seeks to offer the evidence to show that Mr. Gumbs was aware of, and a participant in, the sale of cocaine at his home (where drugs and guns were found during a search in this case), and that the narcotics he possessed were intended for sale. For his part, Defendant Mr. Gumbs argues that the government did not comply with the court's standing orders and failed to disclose evidence, that the evidence is outside the scope of its case-in-chief, and that it is too old. At the pretrial conference he made an additional argument: that the alleged cocaine in the video was a prop for a rap video or movie he intended to make, and that his narration was a sort of rehearsal of a scene to be included in that video or movie.[2]

## II. LEGAL STANDARD

Rule 404(b) permits courts to admit evidence of other crimes, wrongs, or acts for non-propensity purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The government must provide reasonable notice in writing before trial of its intent to introduce any 404(b) evidence. The timing of the notice must provide enough time to allow the defendant a fair opportunity to meet the evidence. The government's notice must also indicate the non-

---

[1] That video was shown to the court during the pretrial conference held on January 8, 2025.
[2] Mr. Gumbs did not dispute that it was his voice narrating the video.

2

propensity purpose for which the evidence is being offered and the reasons that support the same.

The United States Court of Appeals for the Second Circuit takes an inclusionary approach to evidence offered under Rule 404(b), and prior bad acts may be admitted for any purpose other than to show a defendant's criminal propensity. *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020) (quotation marks omitted). "When reviewing the admission of evidence pursuant to Rule 404(b), [the Second Circuit] consider[s] whether (1) the…evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (quotation marks omitted), *see United States v. Moran-Toala*, 726 F.3d 334, 345 (2d Cir. 2013) (following "the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402.").

To establish that the defendant is sufficiently connected to the other act or offense, some circuits expressly require that the other act or offense be similar and close in time to the charged offense, especially if the evidence is directed to the consequential fact of intent or knowledge. *See United States v. Curley*, 639 F.3d 50, 61–62 (2d Cir. 2011) (holding it was "a stretch" to conclude from that evidence that fifteen months earlier defendant had intended to kill his wife); *see also United States v. Wallace*, 759 F.3d 486, 494–495 (5th Cir. 2014) ("Although remoteness of the extrinsic acts evidence may

3

weaken its probative value, the age of the prior conviction does not bar its use under Fed. R. Evid. 404[]" and admitting evidence of defendant's seven-year old narcotics possession conviction in drug distribution case), *United States v. Sills*, 120 F.3d 917, 920 (8th Cir. 1997) (there is no fixed number of years beyond which prior bad acts are no longer relevant to issue of intent), *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985) ("The uncharged crime or act must be close in time to the crime charged.").

The court must also consider whether the 404(b) evidence is necessary. Other circuits apply a threshold test of necessity when considering Rule 404(b) evidence. *See, e.g., United States v. Sriyuth*, 98 F.3d 739, 745–746 (3d Cir. 1996) (courts must assess prosecution's need for challenged evidence and balance need against risk that information will influence jury to convict on improper grounds). It may be immaterial to separately evaluate "necessity" within a court's threshold analysis of Rule 404(b) or in the court's ordinary application of Rule 403 because "[t]he availability of other means of proof may also be an appropriate factor" to consider under the latter. Advisory Cmte. Note to Fed. R. Evid. 403; *see United States v. Kaiser*, 609 F.3d 556, 576 (2d Cir. 2010). In any event, a court may consider what other evidence the proponent of 404(b) evidence intends to offer to prove its case and whether the 404(b) evidence is necessary to its case.

III. **DISCUSSION**

    A. **The Videos**

The government offers five videos for a proper purpose which are closely related to conduct at issue in this case. However, three of them were created in 2016. The

criminal conduct in this case occurred between June 2022 and March 2023, thus the probative value of the videos is weakened by their age.

The court disagrees with the government's claim that these videos would not inflame the jury. The court finds them to be precisely the type of evidence likely to evoke "the sort of strong emotional or inflammatory impact that would pose a risk of unfair prejudice because [they] tend[ ] to distract the jury from the issues in the case and…[might] arouse the jury's passions to a point where they would act irrationally in reaching a verdict." *United States v. Monsalvatge*, 850 F.3d 483, 495 (2d Cir. 2017). Three of the videos are remarkable in that they appear to contain narration from Mr. Gumbs, whose voice the jury will hear because he is representing himself at trial, though he might wish to exercise his constitutional right not to testify on his own behalf. If the jury were to believe that the voice in the video belongs to Mr. Gumbs and that it depicts him handling the types of contraband with which he stands charged, there would be a substantial risk (perhaps even despite any curative instruction) that the jurors would use the videos as propensity evidence – precisely what Rule 404(b) prohibits.

Further, there is a plethora of evidence against Mr. Gumbs. This case involves several communications intercepted by wiretaps which tend to inculpate the defendant in a drug conspiracy. There are also several additional corroborating statements and events which the government intends to use to prove its case against the defendant over the course of weeks of evidence. Notwithstanding the government's high burden of proof, the court finds even the circumstantial evidence against the defendant to be significant.

The defendant's alternative explanation that the video was created as part of a movie or rap videos is wholly unconvincing. However, his challenges as to the authenticity of the contraband in the videos might create a trial within a trial.[3]

Ultimately, the court denies the government's motion to admit into evidence the videos numbered 1 through 5 in its brief, based on the passage of time between their creation and the timing of the criminal acts alleged in this case, their high prejudicial nature, and the court's concerns that valuable trial time will be spent arguing authenticity. Still, Mr. Gumbs is warned that he could open the door to the government being permitted to admit this highly persuasive evidence.

### B. The Photographs

Consistent with its discussion above, the court also denies the government's motion to admit photographs numbered 1 through 8 in its brief. At trial, the government is likely to introduce evidence seized from the home of Mr. Gumbs, as listed in the Complaint, at page 46, paragraph 103. Thus, the photographs in the government's motion do not warrant the risk of prejudice under Rule 404(b) nor the attendant authentication claims.

### C. Web Searches

Finally, while the web searches are relevant and recent, and while they also appear highly probative of knowledge, their admission into evidence is not worth the risk of prejudice they create, the time spent determining who conducted the Internet searches, or the effort to prevent the jury from entertaining collateral issues such as the validity of a warrant (an area the court already has precluded Mr. Gumbs from raising before the jury).

---

[3] Without question, the fact Mr. Gumbs put the alleged block of cocaine in a cooking pan to save what he shaved off, in addition to his narration declaring parts of the block to be real cocaine, certainly tend to make the court believe the block was what the government claims it to be.

## IV. **CONCLUSION**

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that the government's motion is **DENIED.** It shall be precluded from introducing in its case-in-chief the videos, photograph, or Internet searches described in its motion, though Mr. Gumbs is warned that he could be found to have opened the door to all such evidence.

**IT IS SO ORDERED** in Hartford, Connecticut, this 14th day of January, 2025.

```
           /s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
```