UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO. 23-CR-62 (OAW) |
| ) | |
| WILLIS TAYLOR ET AL., ) | |
| ) | |
| ) | |

**ORDER REGARDING TIME LIMITS AS TO AQUARIUS GUMBS**

After significant reflection upon the pace of trial thus far, the anticipated length thereof, the accommodations already made by the court and the parties in the interest of maintaining the health, attendance, and undivided attention of the jurors, the time the parties have had to prepare for trial, and the nature of the questioning already performed by the parties (which has demonstrated their trial preparedness, or their lack thereof), and prior warnings that it would consider the present action, the court reluctantly issues the following order out of necessity.

Aquarius Gumbs shall be allotted **twenty (20) minutes** to question each witness on cross-examination. At that point, the court will determine whether there is good cause to permit additional questioning from Mr. Gumbs, depending upon how Mr. Gumbs has utilized his time thus far. Despite such flexibility, the court shall retain the authority to end questioning at any time beyond that initial twenty-minute period. While Mr. Gumbs cannot go back in time to better organize his thoughts and his materials in advance of trial, he is strongly encouraged to use his ongoing trial preparation time wisely, particularly on days (and portions thereof) when trial is suspended.

The present case involves four defendants, three of whom are detained, and two of those detainees are pro se. Despite this case's "massive" amount of discovery, the

1

court has ensured that the defendants have had ample opportunity to review it and to prepare and present a meaningful defense. See ECF No. 511, 729, 1047, 1344. Litigants understandably have different skills and abilities in any case, but the docket reflects the hundreds of motions which have been filed, the length of time this case has been pending, and the information which has been made available so as to afford the defendants time to prepare exhibits and cross-examination questions.

Nevertheless, as it pertains to the cross-examinations carried out by Mr. Gumbs, the court, along with the jury and the parties, patiently have endured entire lines of objectionable questions (some of which were met with no objection because they produced testimony which was damaging to the defense of Mr. Gumbs, and others which prompted objections and judicial admonitions for multiple successive breaches of orders regarding impermissible subject matter),[1] repetitive courses of inquiry (many times over), and delays through which the government kindly offered Mr. Gumbs its assistance in identifying and displaying exhibits which Mr. Gumbs had not properly prepared.[2] This monopolization (if not misuse) of trial time by Mr. Gumbs simply is untenable with so much of the trial yet to be completed.[3]

---

[1] For example, Mr. Gumbs at times appeared to be using trial as a substitute for a *Franks* hearing and appeared to be suggesting that probable cause to search his home did not exist, a matter the court has considered and adjudicated. See ECF No. 999. Several questions appeared to begin with significant admissions, and others unnecessarily drew attention to damning testimony and evidence, though the court declines to detail them here.

[2] The jury, the parties, and the court were subjected to numerous delays of several minutes each, while Mr. Gumbs searched through his apparently disorganized files for exhibits. At times, he requested that the government provide exhibits (remarkable in that Mr. Gumbs frequently accuses the government of bad faith yet would entrust it to present his exhibits) but referenced them only by subject matter instead of exhibit number, further complicating his cross-examination.

[3] Near the end of the day on January 29, 2025, the government credibly stated that it withheld objections and exercised patience with Mr. Gumbs. At one point during the trial, it also reported that, by its count, Mr. Gumbs had been permitted five hours of cross-examination as to a witness.

"The trial-management authority entrusted to district courts includes the discretion to place reasonable limits on the presentation of evidence." *United States v. Quattrone*, 441 F.3d 153, 183 (2d Cir. 2006) (internal quotation marks and citation omitted). Setting reasonable time limits to manage trials is within a district court's inherent authority. *See* Fed. R. Crim. P. 2 (instructing courts to interpret the federal rules to "eliminate unjustifiable expense and delay"); Fed. R. Evid. 403 (excluding evidence that is cumulative or that wastes time); 611 (instructing courts to exercise reasonable control such that witness examinations do not waste time).

The court's trial management authority exists in the context of criminal trials, as "trial judges retain wide latitude. . . to impose reasonable limits" on cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." The Constitution guarantees an "opportunity effective cross-examination," not cross-examination that is repetitive, irrelevant, or otherwise barred by the Federal Rules of Evidence. *Del. v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Reluctantly, the court has, at times, interrupted pro se Defendant Aquarius Gumbs because he frequently made improper and baseless arguments or comments in front of the jury and asked questions on cross-examination that were repetitive, irrelevant, or otherwise improper. *See United States v. Williams-Dorsey*, 2023 WL 8015469, 2023 U.S. App. LEXIS 30782, *17 (2d Cir. Nov. 20, 2023) (summary order); *see also United States v. Carson*, 455 F.3d 336, 357 (D.C. Cir. 2006) (holding court did not abuse its discretion by imposing time limits in case involving narcotics and guns because such limits "were attempts to exercise. . .discretion in order to conduct a lengthy, complex trial in an orderly,

efficient manner, avoiding to the extent possible repetitious and irrelevant testimony"). *United States v. Castro*, 788 F.2d 1240, 1247 (7th Cir. 1986) (affirming imposition of time limitation on cross-examination of government witness, the appellate court observing that "we can hardly fault the trial judge for fulfilling his responsibility to prevent the inquiry from going so far afield that it would have confused the jury and wasted valuable time").

Jury trials, and particularly those expected to last one month, require a certain degree of flexibility. Unforeseeable delays and challenges arise, as does the need for communication outside the presence of the jury, based on the evidence and testimony offered at trial. The court has been prepared and willing to accept all reasonable delays, and it has adopted certain trial procedures to enhance trial efficiency without jeopardizing fairness (such as by having sidebar conversations via headsets which have proven incredibly effective and efficient at permitting private communication without the need to excuse the jury from the courtroom). And despite the anticipated length of this trial, the court has not heretofore set time limits for the questioning of witnesses, though it has warned that it might be forced to do so. Given the current pace and quality of questioning, reasonable restrictions clearly are needed to keep the trial on track, and to avoid wasting the time of our jurors, witnesses, parties, and court employees. Two jurors have been excused from service. The parties have one remaining alternate juror though evidence only recently has begun, and multiple juror concerns have been addressed in court, to include the need to end trial by February 21, as projected at jury selection and at present.

Having reviewed its notes, the time expended by the parties, and the above factors, the court has come to the inescapable conclusion that it must set time restrictions as to Mr. Gumbs. In arriving at that decision, and in setting reasonable parameters, the

court has been guided by the aforementioned authority in addition to other cases from inside (and outside) this circuit. *Cruz v. New York City Dept. of Educ.*, 376 Fed. Appx. 82, 84 (2d Cir. 2010) (affirming an unopposed, two-hour time limit on the testimony of certain witnesses in a civil trial, based on "several inaccurate predictions about the length of time needed for examining witnesses and prolonged examination with objectionable lines of inquiry."), *Evans v. Port Authority of New York and New Jersey*, 246 F.Supp.2d 343, 346 (2d Cir. 2003) (involving a party who vaguely referenced needing more time, a long list of potential trial witnesses, and flexibility from the court to extend established time limits upon a finding that "the time allotted had been used efficiently."); *see also United States v. Cousar*, 2007 WL 4456798 (W.D. Pa. 2007) (favoring limits of *time* over limits to the *number of witnesses* a party may call).

Mr. Gumbs repeatedly has requested a continuance of trial since October 2024. In so doing, he has claimed to have had inadequate time to prepare for trial.[4] However, the court has disposed of objections of this nature, both orally and through the docket. *See, e.g.,* ECF No. 1287; 1294. Mr. Gumbs has had more than enough time to prepare for trial. The case did not start anew when he decided to proceed pro se. He has not been limited to seven months of trial preparation; he has had almost two years to prepare for trial. Mr. Gumbs seems to understand that, as he recently filed a declaration stating that he has maintained a "daily presence at the law library" since March 2023, to include time when he was represented by counsel. *See* ECF No. 1259 at 13. He added that he stayed in the law library "all day." *Id.* The docket is replete with examples of his decisions as to the application of his time and efforts, including a recent 22-page filing seeking to

---

[4] He cites "new" discovery, but the government has made *several* reproductions of previously disclosed materials.

5

reopen his bond hearing. ECF No. 1237 (filed Jan. 13, 2025). Furthermore, as the court previously noted, Mr. Gumbs has increased the amount of time by which he seeks to continue trial with every new request. A previous request for a 120-day extension has turned into a request for a 270-day extension.[5] Given that backdrop, the court has reason to prevent Mr. Gumbs from attempting to delay trial by cross-examining witnesses with a host of irrelevant or repetitive questions.[6]

The court finds that the twenty-minute limit as to Mr. Gumbs will not disrupt trial (particularly in that it does not apply to the other parties, and that the court need not intervene unless necessary). Indeed, *without* such judicial intervention, the unnecessary extension of trial will be disruptive to the orderly administration of justice (in this case and as to other business that will be left unattended), as well as to the lives of our jurors. The rule is flexible, and it can be easily applied to other parties if ever deemed necessary.

The court understands and fully appreciates that this multidefendant criminal case involves many potential witnesses, a great deal of discoverable materials (to include substantial video surveillance footage, data extracted from seized cellular devices, and the extensive products of wiretap orders), and testimony and other evidence which pertains to certain defendants more than to others (such that some defendants might have a heightened need to engage in a more comprehensive cross-examination as to certain witnesses than do other of their codefendants), however, the record is clear as to the disproportionate mismanagement of time by Mr. Gumbs in this trial.

---

[5] During oral argument at the pretrial conference (Jan. 8, 2025), Mr. Gumbs requested a full nine additional months to prepare for trial. *Cf.* ECF No. 870 (Oct. 15, 2024) (requesting 120-180 days).
[6] The court does not make that finding here but only notes its suspicion.

As the trial progresses, the parties might decide to reduce the number of witnesses who must be presented, and the length of time devoted to their testimony. However, this does not absolve Mr. Gumbs of his need to narrow the focus of his questions and to become better prepared for trial, regardless of the fact that he has chosen to represent himself. The court is fully aware that this order restricts only Mr. Gumbs in a criminal trial in which he is self-represented, however, as the record evinces, there is no other party whose trial performance requires such an order. For that, the court thanks Attorneys Pierpont, Weingarten, Lantsman, DeSantis, and Sullivan, as well as Mr. Pappas, who is proceeding quite capably (pro se), and standby counsel, Attorneys Cramer and Donovan.

**IT IS SO ORDERED** in Hartford, Connecticut, this 3rd day of February, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE